In re Ann IAPPINI and Gerald Iappini, Debtors.

Bankruptcy No. 95–16418.

United States Bankruptcy Court, D. Massachusetts.

Nov. 28, 1995.

Jeffrey A. Schreiber, Schreiber & Associates, P.C., Danvers, MA, for Sears, Roebuck & Company.

Jillian K. Aylward, Chapter 7 Trustee, Boston, MA.

*ORDER*

WILLIAM C. HILLMAN, Bankruptcy Judge.

WHEREAS, "Sears" (believed to be Sears, Roebuck & Company) has caused a "Reaffirmation Agreement/Secured" (the "Agreement") to be filed in this case as Docket No. 5–1; and

■ WHEREAS, the Agreement contains a representation by the debtors that

"Debtor wishes to either retain the property securing the account balance, to settle creditor's claims of nondischargeability under # 523, and/or to continue to use the SearsCharge Account by reaffirming said debt and security agreement."

and

WHEREAS, the Agreement does not contain an attorney's declaration in accordance with 11 U.S.C. § 524(c)(3), thus requiring the Court to schedule a hearing on the approval of the Agreement pursuant to 11 U.S.C. § 524(d); and

WHEREAS, such hearing was scheduled and noticed by the Clerk of this Court and in fact held; and

WHEREAS, no proceeding has been filed herein alleging that any indebtedness to "Sears" be held to be nondischargeable; and

WHEREAS, the filing of such agreements is a regular practice of "Sears"; and

WHEREAS, in this case, as in all of the other similar instances which have come to the attention of the undersigned, "Sears" has failed to appear at the hearing to respond to any questions which the Court might have regarding the appropriateness of approval of the Agreement; and

WHEREAS, it appears to the Court that the inclusion of the quoted language regarding "creditor's claims of nondischargeability under # 523", where no such claim has been made in this case, is designed to entice the Debtors to reaffirm an obligation and the inclusion is without good cause and hence is made in bad faith; and

WHEREAS, causing the Court to notice and schedule hearing on reaffirmation agreements with no intention of appearing in support thereof by counsel is an abuse of the services of this Court,

NOW, THEREFORE, it is *ordered:*

1. The Agreement is disapproved.

2. All further similar agreements which come before the Court containing the language referring to 11 U.S.C. § 523, when no adversary proceeding has been filed, will be considered a violation of Fed.R.Bankr.P. 9011 and/or a contempt of this Court and appropriate sanctions will be considered upon notice and an opportunity to be heard.

3. Any future failure of "Sears" to appear at a scheduled hearing on an agreement to reaffirm will be ruled at such hearing to be a contempt of this Court, and sanctions will be imposed, in the first such instance, of $100; in the second such instance of $200; in the third such instance of $400; and thereafter increasing in like manner for future instances.

4. The Court reserves the right to add additional sanctions deemed appropriate under the circumstances upon notice and an opportunity to be heard.

5. A copy of this Order shall be mailed by the Clerk to the address for "Sears" appearing in the Agreement.